**NOT FOR PUBLICATION**

FILED

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF MASSACHUSETTS, named as Commonwealth of Massachusetts; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF OREGON,

Plaintiffs - Appellees,

v.

DONALD J. TRUMP; LEE ZELDIN; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; UNITED STATES OF AMERICA,

Defendants - Appellees,

WESTERN STATES TRUCKING ASSOCIATION; CONSTRUCTION INDUSTRY AIR QUALITY COALITION, INC.,

Intervenor-Defendants - Appellants,

No. 25-8013

D.C. No. 4:25-cv-04966-HSG

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, ILLINOIS CORN GROWERS ASSOCIATION, INDIANA CORN GROWERS ASSOCIATION, IOWA CORN GROWERS ASSOCIATION, KANSAS CORN GROWERS ASSOCIATION, KENTUCKY CORN GROWERS ASSOCIATION, MICHIGAN CORN GROWERS ASSOCIATION, MISSOURI CORN GROWERS ASSOCIATION, NEBRASKA CORN GROWERS ASSOCIATION, TENNESSEE CORN GROWERS ASSOCIATION, TEXAS CORN PRODUCERS, WISCONSIN CORN GROWERS ASSOCIATION, NATIONAL CORN GROWERS ASSOCIATION, STATE OF TEXAS, ALLIANCE FOR AUTOMOTIVE INNOVATION, NATIONAL AUTOMOBILE DEALER'S ASSOCIATION,

Intervenor-Defendants,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE, NATIONAL ASSOCIATION OF CONVENIENCE STORES,

Intervenors.

STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE;

No. 26-88

STATE OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF OREGON,

Plaintiffs - Appellees,

NATIONAL ASSOCIATION OF CONVENIENCE STORES,

Intervenor-Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, DONALD J. TRUMP,

Defendants,

AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE; ILLINOIS CORN GROWERS ASSOCIATION; INDIANA CORN GROWERS ASSOCIATION; IOWA CORN GROWERS ASSOCIATION; KANSAS CORN GROWERS ASSOCIATION; KENTUCKY CORN GROWERS ASSOCIATION; MICHIGAN CORN GROWERS ASSOCIATION; MISSOURI CORN GROWERS ASSOCIATION; NEBRASKA CORN GROWERS ASSOCIATION; TENNESSEE CORN GROWERS ASSOCIATION; TEXAS CORN PRODUCERS; WISCONSIN CORN GROWERS ASSOCIATION; NATIONAL CORN GROWERS

D.C. No.
4:25-cv-04966-HSG

ASSOCIATION,

Intervenor-Defendants - Appellants,

and

STATE OF TEXAS, ALLIANCE FOR AUTOMOTIVE INNOVATION, NATIONAL AUTOMOBILE DEALER'S ASSOCIATION, WESTERN STATES TRUCKING ASSOCIATION, CONSTRUCTION INDUSTRY AIR QUALITY COALITION, INC., AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE,

Intervenor-Defendants.

STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF OREGON,

Plaintiffs - Appellees,

v.

UNITED STATES OF AMERICA, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, DONALD J. TRUMP,

Defendants,

No. 26-497

D.C. No. 4:25-cv-04966-HSG

AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, ILLINOIS CORN GROWERS ASSOCIATION, INDIANA CORN GROWERS ASSOCIATION, IOWA CORN GROWERS ASSOCIATION, KANSAS CORN GROWERS ASSOCIATION, KENTUCKY CORN GROWERS ASSOCIATION, MICHIGAN CORN GROWERS ASSOCIATION, MISSOURI CORN GROWERS ASSOCIATION, NEBRASKA CORN GROWERS ASSOCIATION, TENNESSEE CORN GROWERS ASSOCIATION, TEXAS CORN PRODUCERS, WISCONSIN CORN GROWERS ASSOCIATION, NATIONAL CORN GROWERS ASSOCIATION, STATE OF TEXAS, ALLIANCE FOR AUTOMOTIVE INNOVATION, NATIONAL AUTOMOBILE DEALER'S ASSOCIATION, WESTERN STATES TRUCKING ASSOCIATION, CONSTRUCTION INDUSTRY AIR QUALITY COALITION, INC.,

Intervenor-Defendants,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS; AMERICAN PETROLEUM INSTITUTE, NATIONAL ASSOCIATION OF CONVENIENCE STORES,

Intervenor-Defendants - Appellants.

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF OREGON,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEE ZELDIN, DONALD J. TRUMP,<br><br>Defendants,<br><br>ALLIANCE FOR AUTOMOTIVE INNOVATION; NATIONAL AUTOMOBILE DEALER'S ASSOCIATION,<br><br>Intervenor-Defendants - Appellants,<br><br>and<br><br>AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE, ILLINOIS CORN GROWERS ASSOCIATION, INDIANA CORN GROWERS ASSOCIATION, IOWA CORN GROWERS ASSOCIATION, KANSAS CORN GROWERS ASSOCIATION, KENTUCKY CORN GROWERS ASSOCIATION, MICHIGAN CORN | No. 26-525<br><br>D.C. No. 4:25-cv-04966-HSG |

GROWERS ASSOCIATION, MISSOURI CORN GROWERS ASSOCIATION, NEBRASKA CORN GROWERS ASSOCIATION, TENNESSEE CORN GROWERS ASSOCIATION, TEXAS CORN PRODUCERS, WISCONSIN CORN GROWERS ASSOCIATION, NATIONAL CORN GROWERS ASSOCIATION, STATE OF TEXAS, WESTERN STATES TRUCKING ASSOCIATION, CONSTRUCTION INDUSTRY AIR QUALITY COALITION, INC., AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AMERICAN PETROLEUM INSTITUTE, NATIONAL ASSOCIATION OF CONVENIENCE STORES,

Intervenor-Defendants.

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted June 25, 2026
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

California promulgated three regulations relating to new motor vehicle emissions that encouraged the increased production and sales of zero emission vehicles. The Environmental Protection Agency ("EPA") granted California waivers that exempted these regulations from federal preemption under section 209 of the Clean Air Act ("CAA"). Congress passed resolutions ("Resolutions") disapproving the EPA waivers through the Congressional Review Act ("CRA"),

and the President signed the Resolutions into law. California, 11 states and the District of Columbia ("Plaintiff States"), sued the United States, the EPA, Donald Trump, and Lee Zeldin (collectively, "Federal Defendants") seeking to have the Resolutions declared unconstitutional.

Western States Trucking Association ("WSTA") and Construction Industry Air Quality Coalition, Inc. ("CIAQC") appeal the district court's denial of their motions to intervene in Plaintiff States' suit as of right but do not appeal the district court's denial of their motions for permissive intervention. The Alliance for Automotive Innovation ("Auto Innovators"), National Automobile Dealers Association ("NADA"), the American Free Enterprise Chamber of Commerce ("AmFree"), the American Fuel & Petrochemical Manufacturers ("AFPM"), the American Petroleum Institute ("API"), the National Association of Convenience Stores ("NACS"), and Corn Grower Associations appeal the district court's denial of their motions to intervene as of right and by permission.

"We review de novo the district court's ruling on a motion of intervention as of right." *United States v. Alisal Water Corp.*, 370 F.3d 915, 918 (9th Cir. 2004). "If the district court has abused its discretion in denying permissive intervention, then appellate jurisdiction also exists to review the district court's decision to deny permissive intervention." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part,

reverse in part, and remand for further proceedings.

1. We use a four-part test to determine whether to permit intervention as of right under Federal Rule of Civil Procedure 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).[1]

a. Auto Innovators, NADA, and AmFree

Auto Innovators, NADA, and AmFree, as representatives of either automakers or new motor vehicle dealers, have demonstrated each of the requirements for intervention as of right. Section 209 grants automakers a "right to sell federally approved vehicles." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 255 (2004). This interest is legally protectable, as automakers can raise federal preemption of state regulations on new motor vehicles as an affirmative defense. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 959 F.3d 1201, 1217–18 (9th Cir. 2020). With the

[1] The parties do not dispute that the motions to intervene as of right were timely.

EPA waivers in place, an automaker cannot successfully invoke section 209, as the California regulations would no longer be preempted. With the Resolutions in place, however, California's regulations are preempted by section 209. If the Plaintiff States' claims succeed, Auto Innovators will be unable to invoke federal preemption. Auto Innovators therefore has asserted, in the form of federal preemption under section 209, a significantly protectable interest that may be affected by the disposition of this case. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 441–43 (9th Cir. 2006). NADA and AmFree, which represent new motor vehicle dealers, have similar interests, as the section 209 preemption clause applies until a new motor vehicle is sold "to an ultimate purchaser." *In re Volkswagen*, 959 F.3d at 1216 (quoting 42 U.S.C. § 7550(3)).

Auto Innovators, NADA, and AmFree have each, moreover, made a "compelling showing" of inadequate representation by establishing that Federal Defendants may not "undoubtedly make all of [their] arguments." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 841 (9th Cir. 2022) (quoting *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)). Specifically, Auto Innovators, NADA, and AmFree argue that the EPA waivers are rules under the CRA and the Administrative Procedure Act and are therefore appropriate for consideration under the CRA, an argument which Federal Defendants have not yet raised below.

b. WSTA, CIAQC, AFPM, API, NACS, and Corn Grower Associations

WSTA, CIAQC, AFPM, API, NACS, and Corn Grower Associations rely on economic interests to support their claim for intervention as of right. These interests, however, are "several degrees removed" from the "backbone of this litigation." *Alisal Water Corp.*, 370 F.3d at 920. Before these proposed intervenors might experience economic effects from this case, a chain of events would have to occur, commencing with the district court finding the Resolutions unconstitutional and continuing past the reinstatement of the EPA waivers. The attenuated chain of causality this case presents is distinct from prior cases where we concluded there were significantly protectable economic interests, as those cases involved more immediate economic ramifications to the proposed intervenors. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003); *Californians For Safe & Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184, 1189–90 (9th Cir. 1998). We therefore affirm the district court's denials of the motions to intervene as of right filed by WSTA, CIAQC, AFPM, API, NACS, and Corn Grower Associations.[2]

---

[2] WSTA and CIAQC also argue that their involvement in litigation before the D.C. Circuit related to one of the regulations creates a significantly protectable interest under Rule 24(a)(2). WSTA and CIAQC fail to cite any legal authority to support this position; nor are we aware of any. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("It is [the appellant's] burden on appeal to present the court with legal arguments to support its claims.").

2. The district court abused its discretion in denying AFPM, API, NACS, and the Corn Grower Associations' motions for permissive intervention.[3] The district court stated that allowing intervention "would needlessly complicate case management and compromise the efficiency of the litigation process since [the proposed intervenors'] interests [were] already adequately represented by Federal Defendants." But, as discussed above, Federal Defendants do not adequately represent these organizations' interests as Federal Defendants may not advance all of the arguments these organizations would rely on. Because the district court relied on its incorrect analysis of the adequate representation issue in making its permissive intervention decision, we remand for the district court to determine whether AFPM, API, NACS, and Corn Grower Associations should be granted permissive intervention. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279 (2022) ("[A] court fails to exercise its discretion soundly when it bases its ruling on an erroneous view of the law." (citation modified)).

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**[4]

---

[3] Again, WSTA and CIAQC did not appeal the district court's decision denying their motion for permissive intervention.

[4] The parties shall bear their own costs on appeal.